LYMAN F. HODGES and others, Respondents, v. THOMAS E. PORTER and others, Appellants.

*Action by non-resident — security for costs — Code, § 238 — R. S., part 3, chap. 10, title 2, § 1.*

In this action, brought by the plaintiffs, who were non-residents, to enforce an attachment, issued in another action in which they had recovered judgment, they gave to the sheriff the bond of indemnity required by section 238 of the Code. *Held,* that they were not thereby relieved from giving security for costs, as required by part 3, chapter 10, title 2, section 1, of the Revised Statutes.

Appeal from an order denying a motion, that plaintiff be required to file security for costs.

This action was brought by the plaintiffs, non-residents of this State, to enforce a warrant of attachment, issued by this court, in an action wherein these plaintiffs were plaintiffs and one Valleau was defendant, under which certain property in the hands of the present defendants, alleged to belong to Valleau, had been levied upon. The plaintiffs, having recovered a judgment against Valleau, brought this action under section 238 of the Code, to obtain the said property, having given to the sheriff the undertaking required by that section.

*Edward Fitch,* for the appellants.

*B. F. Blair,* for the respondents.

Davis, P. J.:

The plaintiffs are conceded to be non-residents of this State. They bring this action as attaching creditors of one Valleau, also a non-resident, and for the purpose of entitling them to sue, they gave to the sheriff the bond required by section 238 of the Code. That bond was thought, by the court below, to excuse them from giving the security for costs to the defendants under the provisions of the Revised Statutes. (R. S., § 1, title 2, chap. 10, part 3.)

This we think was an error. The bond to the sheriff under sec-

tion 238 simply indemnifies the sheriff from any damages, costs and expenses he may suffer by reason of this action; but as the defendants, if successful, can recover no judgment against the sheriff or collect their costs of him, that bond is of no avail to them. Neither the plaintiffs nor their sureties would be liable on it to the defendants for their costs. The defendants allege in their answer that the moneys in their hands do not belong to the person against whose property the plaintiffs issued their attachment. They do not allege title in themselves, but show a state of facts which tends to show that they cannot pay the same on the attachment or judgment without being liable to another party, also a non-resident, who has notified them of his title and claim. The court below thought that it was their duty to interplead that party, and not set up a defense themselves. That party, however, is a non-resident, and perhaps cannot be brought in by defendants. Still, if the interpleader were practicable, it is not a course necessary to be taken in order to entitle defendants to security for costs. If the other claimants were brought in, the plaintiffs would not thereby be excused from giving the security to them. The defendants, however, have chosen to defend themselves on the title of the other claimant, who is so connected with them as to justify that defense, and they are, therefore, entitled to security for costs, precisely as though they had interposed any other legal defense. The order must be reversed, and the motion below granted, with ten dollars costs of this appeal, besides disbursements. The order should direct plaintiff to file security by a bond, in the penalty of three hundred dollars, within twenty days after service of the order to be entered hereon.

DANIELS, J., concurred. BRADY, J., not sitting.

Order reversed, motion below granted, with ten dollars costs and disbursements.